UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

Dona Andrea LLC

                                 Plaintiff,

v.                                                         Case No.: 1:19−cv−06562
                                                                      Honorable Steven C. Seeger

Asclepius Laboratories, Inc., et al.

                                 Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 22, 2021:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiff Dona Andrea LLC's motion for default judgment against Defendant Stan Manoogian (Dckt. No. [75]) is hereby granted. On May 19, 2021, this Court entered default against Defendant Manoogian under Rule 55(a) (Dckt. No. [73]), which meant that the well−pleaded allegations of the complaint were taken as true. See VLM Food Trading Int'l, Inc. v. Illinois Trading Co., 811 F.3d 247, 255 (7th Cir. 2016). From that moment forward, the defaulting party cannot challenge liability unless he successfully moves to vacate the entry of default under Rule 55(c). A defaulting party must show (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense. See United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir. 1989). In his response (Dckt. No. [82]), Mangoogian focuses exclusively on the merits of the case. He does not show good cause for the default, or quick action to correct it, so he has not shown a basis for vacating the entry of default. The Court grants the motion for default judgment as follows. Plaintiff supported its demand for consequential damages by submitting two affidavits. (Dckt. Nos. [75−1, 75−2]). They support the fact that Dona Andrea, LLC lost $42,500 from the loan made to Asclepius Industries, which was not repaid, plus interest of $5,531.22, for a total of $48,031.22. Plaintiff also incurred attorneys' fees totaling $6,316.78. Putting them together, consequential damages plus attorneys' fees total $54,348. This Court also has discretion to award punitive damages, after taking into account (1) the nature and enormity of the wrongdoing of the defendant; (2) the potential liability of the defendant for multiple claims by numerous persons affected by the wrongful conduct; and (3) defendant's financial status. See Hollowell v. Wilder Corp. v. Delaware, 743 N.E.2d 707, 712 (2001). Based on the conduct alleged in the complaint (which the Court can take as true), this Court awards punitive damages equal to two times the compensatory damages (after subtracting attorneys' fees), totaling $96,062.44. This Court also notes that Manoogian engaged in bad faith during this litigation, as established in clear and striking terms with his failure to pay the terms of the settlement agreement and the ensuring deception. Defendant was deceptive to Plaintiff, and deceptive to this Court (along the lines of "the check is in the mail"). Judgment order to follow. The case is closed. Civil case terminated. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.